## EAST GREENWICH v. WARWICK.

By the law of Rhode Island, the husband, if he have no settlement in this state, or in any of the United States, follows the settlement of his wife.

An order of the town council of a town in this state to the clerk of the council to grant a certificate to a person, to another town in this state, is an acknowledgment of the town making the order, that such person was, at the time, settled in that town.

The history of such certificates traced through the statutes of Rhode Island to the English statutes in regard to the removal and settlement of the poor, adopted here in colonial times.

APPEAL of the town of East Greenwich from an order of the town council of the town of Warwick, made on the 5th March, 1855, adjudging that Cæsar Clark, a colored man, who had become chargeable as a pauper, was settled in the former town and ordering him to be removed thereto.

The facts sufficiently appear in the opinion of the court.

*Bradley* for the order.

*Wm. H. Potter* against it.

BOSWORTH, J. In this case it appears that Cæsar Clark is an African by birth, and that he has no legal settlement of his own in this state, or in any other of the United States; that he married Judith Fry, daughter of Winsor Fry, who at the time of the marriage lived in East Greenwich. The law is that the husband shall follow and have the settlement of his wife, if he have no settlement within this state or in any other of the United States.

The question for us to determine, therefore, is: Had Judith Fry a legal settlement in East Greenwich at the time of her marriage to Cæsar Clark ?

On this point, an important piece of testimony offered is, a certified copy of an order for a certificate from the records of the town council of East Greenwich, bearing date the 28th day November, A. D. 1795, in the following words, viz :—

"Resolved, that the clerk grant a certificate to Winsor Fry, a black man, to the town of Exeter, in the county of Washington."

This copy of the record is put into the case as an acknowledgment by the town of East Greenwich that Winsor Fry, father of Judith Fry, had a legal settlement in that town. It is objected that on its face it does not purport to be such, and that such is not the legal effect of its language. It is very true that upon its terms, in the ordinary sense of the language, no definite import can be gathered from the record, in relation to the settlement of Winsor Fry. But upon inquiry as to what is the nature of a certificate thus ordered to be issued by the town council of one town to another, we find the meaning of it illustrated by a practice which was formerly very common in the towns in this state, of thus certifying that a person removing from one town to another, had a legal settlement in the town whence the certificate was brought. The certificate was obtained by an order of the town council, made upon the application of the person about to remove, directing the clerk to grant to him a certificate of his settlement to the town to which he proposed to go. Upon such order, the clerk made out the certificate in an established form, certifying the legal settlement of the person in the town from whence the certificate was issued, to the town to whom the certificate was directed.

This practice had no warrant or foundation in any *express* provision of law enacted by the legislature of the colony or state of Rhode Island. There was, however, in the law of England, before the declaration of independence, provision by statute, founded too upon a practice existing anterior to it, for a proceeding of the kind, by which, certificates from the churchwardens or overseers of the poor of one parish, to the church-

wardens or overseers of another, bound the parish from whence the certificate was brought, to the support of the person and his family to whom the certificate was granted, and authorized their removal by the parish to which the certificate was directed, to the parish from which it was brought. Under that statute, the certificate was conclusive evidence of the place of settlement of a person becoming chargeable, as between the two parishes between which the certificate passed, and *primâ facie* evidence, as between the parish granting the certificate and all other parishes. Statutes 13 & 14 Chas. II. ch. 12, § 3. 8 & 9 Wm. III. ch. 30.

Though there is no express statute of ours providing for such a certificate, yet by a law passed here in 1700, the then English laws were adopted as the law of this state, (Dig. of 1730, pp. 42, 43,) and the legislation of the colony, in regard to the settlement and removal of the poor in 1765, as well as our present act relating to the same subject, recognizes the existence of such certificates. Dig. of 1766, p. 231. Dig. of 1844, p. 347.

The town councils are the legally appointed tribunals in this state, to adjudge and determine the place of settlement of paupers, and to order their removal from their respective towns to the places where they belong. We think, then, that this order, granting a certificate to Winsor Fry, is an act of admission on the part of the legal authorities of East Greenwich, that Winsor Fry had a legal settlement there, and is *primâ facie* proof in this case that he was settled there.

There is also another piece of evidence from the records of the town council of East Greenwich, by which it appears that in January, A. D. 1826, the town council directed the clerk to bind out, as an apprentice, a poor child, reciting that said child was son of Frances Fry, daughter of Winsor Fry, late of East Greenwich, deceased, of color, who is *lawfully settled in this town.*

From the testimony in the cause it appears that Winsor Fry, the father of Judith Fry, went to Exeter, about the time of the date of the order for a certificate, (1795,) and afterwards returned to East Greenwich, and died there. It also appears in

evidence that Winsor Fry had a daughter, Frances, as recited in the record of 1826. The court are satisfied, upon the evidence, of the identity of the Winsor Fry mentioned in the records with the Winsor Fry proved to have been the father of Judith Fry, notwithstanding the proof made, that two other persons of the same name, father and son, people of color, formerly lived in East Greenwich, and that Winsor Fry was sometimes called Winsor Pearce.

We therefore think that Winsor Fry had a legal settlement in East Greenwich, and that his daughter, Judith Fry, followed and had his settlement at the time of her marriage, according to the provisions of the statute.

The evidence of the marriage of Judith Fry to Cæsar Clark is, we think, sufficient. In the first place, the testimony of Cæsar himself is to the fact; and the testimony of others as to reputation and cohabitation of the parties for so long a time as man and wife (a period of thirty years) is sufficient legal evidence to establish the marriage.

Cæsar Clark, then, having no legal settlement in this state, nor in any other of the United States, took the settlement of his wife, which is in East Greenwich. He was therefore lawfully removed from Warwick to East Greenwich.

The order of removal made by the town council of the town of Warwick in this case, must therefore be confirmed, with costs of court, against the town of East Greenwich, appealing, including the charges incurred by the town of Warwick in removing Cæsar Clark, the pauper, to the town of East Greenwich.